UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN R. GOEHRINGER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

                               /

Case No. 5:06-CV-133
Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). This matter is now before the court on defendant's combined motion to dismiss, to strike or for summary judgment (docket no. 2). Plaintiff has not filed a response to this motion.[1]

    **I.**    **Discussion**

Defendant seeks to strike plaintiff's complaint for violation of Fed. R. Civ. P. 11(a), which provides in pertinent part as follows:

> Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any.

The court agrees.

---

[1] It appears that defendant's counsel attempted to seek concurrence with the motion, stating "[e]ven though arguably not required because Ms. Look, is not an attorney of record, I contacted her regarding this motion to dismiss and I was informed that as Plaintiff's Advocate she opposes the motion to dismiss." Defendant's Motion at 2.

First, the complaint was not signed by plaintiff or an attorney as required by Rule 11(a). The complaint is brought by "DISABILITY APPEALS ADVOCATES, LLC Advocates for Plaintiff" and signed by "Brenda Look PA-c." On the civil cover sheet, Ms. Look identifies herself as a "non-attorney." Since Ms. Look is not an attorney, she cannot sign the complaint for plaintiff.

Second, plaintiff's address and telephone number are not set forth in the complaint as required by Rule 11(a). Both the complaint and the civil cover sheet contain the address and telephone number for Ms. Look at "Disability Appeals Advocates, LLC." This information is irrelevant because Ms. Look is not an attorney authorized to sign a complaint under the court rule.

Third, Ms. Look is not admitted to practice in this court. The local court rules provide that "[a] person must be a member in good standing of the bar of this court to practice in this Court or to hold himself or herself out as being authorized to practice in this court." W.D. Mich. LCivR 83.1(i). As the court explained in *Conley v. Aggeler*, No. 1:05-cv-406, 2006 WL 461343 (W.D. Mich. Feb. 24. 2006) (Bell, Chief J.):

> Federal standards govern admission to practice in this court. *See Rittenhouse v. Delta Home Improvement, Inc. (In re Desilets)*, 291 F.3d 925, 929 (6th Cir.2002). "[F]ederal courts have the right to control membership of the federal bar. Congress has provided in 28 U.S.C. § 2071 that district courts may prescribe rules for the conduct of their business. It is clear from 28 U.S.C. § 1654 that the authority provided in § 2071 includes the authority of the district court to regulate the membership of its bar." *Rittenhouse*, 291 F.3d at 929.

*Conley*, 2006 WL 461343 at *2. Ms. Look may have authority to represent claimants in certain Social Security Administration proceedings. However, she is not authorized to file appeals for Social Security claimants in this court.

Plaintiff's complaint is improperly before the court. Accordingly, the complaint should be stricken and this suit dismissed.

**II.	Recommendation**

I respectfully recommend that defendant's motion (docket no. 2) be **GRANTED**, that the complaint be stricken and that plaintiff's suit be dismissed.


Dated:  February 26, 2007	/s/ Hugh W. Brenneman, Jr.
	Hugh W. Brenneman, Jr.
	United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).